

# NUMBERS 13-15-00443-CR AND 13-15-00447-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

WILLIAM BOTELLO,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                 Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Perkes
### Memorandum Opinion Per Curiam

Appellant, William Botello, attempted to perfect appeals from convictions for burglary of a habitation and burglary of a vehicle. We dismiss the appeals for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent

a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The trial court imposed sentence in these matters on December 10, 2012. Appellant filed his notice of appeal on September 21, 2015. The notice of appeal states he intends to appeal the ruling on his motion nunc pro tunc for trusty time credit. The clerk of the trial court clerk has informed us that the trial court has not entered a nunc pro tunc in these causes.

On September 28, 2015, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and this Court does not have jurisdiction. Appellant was notified that the appeal would be dismissed if the defects were not corrected within ten days from the date of receipt of the Court's directive. Appellant has not filed a response to the Court's directive.

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant's notices of appeal, filed more than two years and eight months after sentence was imposed, are untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

These appeals are DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of November, 2015.